UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME WILSON,

    Petitioner,

v.

BONITA HOFFNER,

    Respondent.
_____/

Case No. 1:12-cv-1119

HON. JANET T. NEFF

## OPINION

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition (Dkt 4). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (Dkt 5). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

The Magistrate Judge determined that Petitioner's petition is time-barred by the one-year limitations period provided in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1). In his objections, Petitioner disagrees with the Magistrate Judge's conclusion and reiterates his belief that he may challenge the court's subject matter jurisdiction at any time; however, Petitioner reveals no legal error in the Magistrate Judge's analysis. Specifically,

Petitioner's objections demonstrate no error in the Magistrate Judge's reliance on the line of cases holding that subject matter jurisdiction claims do not provide an exemption from the AEDPA (R&R, Dkt 4 at 4, citing *Jones v. McQuiggin*, No. 2:10-cv-10043, 2010 WL 5575076 (E.D. Mich. Nov. 16, 2010); *Umbarger v. Burt*, No. 1:08-cv-637, 2008 WL 3911988 (W.D. Mich. Aug. 19, 2008)).[1]

To avoid the operation of the one-year limitations period provided in 28 U.S.C. § 2244(d)(1), Petitioner requests that this Court treat his § 2254 habeas petition as a habeas petition instead brought under 28 U.S.C. § 2241 (Dkt 5 at 5-6). However, even if the Court were inclined to convert his petition at this point in the proceedings, Petitioner has not demonstrated that the one-year limitations period would not likewise time bar his § 2241 petition. *See Allen v. White*, 185 F. App'x 487, 489-90 (6th Cir. 2006) (determining that "nothing requires courts to convert § 2254 petitions to petitions under § 2241" and holding that "[e]ven if converted, the petition would be untimely under the one-year statute of limitations" set forth in § 2244(d)).

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised. See RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the

---

[1] Petitioner also contends that the Magistrate Judge committed a factual error in stating that Petitioner pled guilty in his state case, whereas Petitioner claims he was found guilty by a jury (Dkt 5 at 1). However, this claimed factual error, even if true, makes no difference in the Magistrate Judge's conclusion that the petition is time-barred.

2

prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable. A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.

Dated: May 30, 2013

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge